UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH GARCIA,

                              Plaintiff,

                                                                     DECISION AND ORDER

                                                                       05-CV-6259L

           V.

GLENN S. GOORD, et al.,

                              Defendants.
_____

      Plaintiff, Joseph Garcia, appearing *pro se*, commenced this action under 42 U.S.C. § 1983 on October 5, 2000. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has sued over twenty DOCS officials and employees, alleging that defendants have violated plaintiff's constitutional rights in a number of ways.

      On July 11, 2005, defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The following day, the Court issued a scheduling order giving plaintiff until August 12, 2005 to respond to defendants' motion. The order stated, in part, "THE CLAIMS PLAINTIFF ASSERTS IN HIS COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE DOES NOT RESPOND TO THIS MOTION by addressing the arguments contained in the defendants' motion." Dkt. #116.

By letter dated August 3, 2005, and received by the Court on August 8, plaintiff requested a two-week extension to respond to the motion to dismiss. The Court granted that request on September 8, and gave plaintiff until September 23 to file his response. Dkt. #119. Plaintiff did not respond to the motion, however.

On November 9, 2005, the Court issued an Order to Show Cause directing plaintiff to show cause in writing why this action should not be dismissed for failure to prosecute, pursuant to Rule 41.2 of the Local Rules of Civil Procedure for this district, which provides that "[i]f a civil case has been pending for more than six months and is not in compliance with the directions of a Judge ...," the Court will order the parties "to show cause within thirty days why the case should not be dismissed for failure to prosecute." The rule further provides that if the parties fail to respond with "by sworn affidavits filed with the Clerk explaining in detail why the action should not be dismissed," the Court "may issue a written order dismissing the case for failure to prosecute ... ."

Plaintiff has not responded to the Order to Show Cause. Accordingly, the action is dismissed for failure to prosecute under Local Rule 41.2.[1]

---

[1] The DOCS internet inmate lookup service, http://nysdocslookup.docs.state.ny.us, indicates that plaintiff was released on parole on October 7, 2005. Plaintiff may have simply lost interest in prosecuting this case, then. At any rate, *pro se* litigants have an obligation to keep the Court apprised of their current mailing address. "Failure to do so may result in dismissal of the case with prejudice." Local Rule 52(d). Plaintiff's failure to advise the Court of his mailing address following his release is simply one more reason why this case should be dismissed.

**CONCLUSION**

This action is hereby dismissed for failure to prosecute, pursuant to Rule 41.2 of the Local Rules of Civil Procedure for this district.  Defendants' motion to dismiss (Dkt. #114) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 16, 2005.